UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JAN 1 8 2013
```

BRAINTREE LABORATORIES, INC., )
                              )
           Plaintiff,         )
                              )   Civil Action No.: 12-cv-6851-AJN
v.                            )   ECF Case
                              )
CYPRESS PHARMACEUTICAL, INC., )   CIVIL CASE MANAGEMENT PLAN
                              )   AND SCHEDULING ORDER
           Defendant.         )
_____)

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent _____/do not consent __X__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [If all parties consent, the remaining paragraphs need not be completed.]

2. Settlement discussions [have __X__/have not _____] taken place.

3. The parties [have __X__/have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

4. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within <u>thirty (30)</u> days from the date of this Order. [Absent exceptional circumstances, choose a date not more than thirty (30) days following the initial pretrial conference.]

5. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than <u>fourteen (14)</u> days from the date of this Order. [Absent exceptional circumstances, choose a date not more than fourteen (14) days following the initial pretrial conference.]

6. Fact Discovery
   a. All fact discovery shall be completed no later than <u>July 17, 2013</u>. [A date not more than 120 days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

1

   b. Initial requests for production of documents shall be served by <u>February 22, 2013</u>.

   c. Interrogatories shall be served by <u>February 22, 2013</u>.

   d. Depositions shall be completed by <u>July 10, 2013</u>.

   e. Requests to admit shall be served by <u>June 17, 2013</u>.

   f. Any of the deadlines in paragraphs 6(b) through 6(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 6(a).

7. Expert Discovery

   a. All expert discovery shall be completed no later than <u>September 20, 2013</u>. [Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 6(a) (*i.e.*, the completion of all fact discovery).]

   b. No later than thirty (30) days prior to the date in paragraph 6(a) (*i.e.*, the completion of all fact discovery), the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8. All motions and applications shall be governed by the Court's Individual Rules.

9. All counsel must meet in person for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10. Alternative dispute resolution/settlement

    a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

       <u>The parties have exchanged several drafts of, and comments on, a proposed settlement agreement and are currently working towards resolving the case.</u>

    b. Counsel for the parties have discussed the use of the following alternative dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for

the parties propose the following alternative dispute resolution mechanism for this case:

<u>Should the parties' present efforts at settlement stall or fail, the parties would prefer to hold a settlement conference before a Magistrate Judge.</u>

c. Counsel for the parties recommend that the alternative dispute resolution mechanism designated in paragraph 10(b) be employed at the following point in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

<u>Should the parties' present efforts at settlement stall or fail, the parties would prefer to hold a settlement conference before a Magistrate Judge within sixty (60) days after the initial pretrial conference.</u>

d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. Summary Judgment motions are to be filed within 30 days of the close of expert discovery.

12. Unless otherwise ordered by the Court, within forty (40) days of the close of all discovery, or, if a dispositive motion has been filed, within fourteen (14) days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Final Pretrial Order prepared in accordance with the Court's Individual Practices and Fed. R. Civ. P. 26(a)(3). Any motions *in limine* shall be filed on or before the date on which the Final Pretrial Order is due. If this action is to be tried before a jury, proposed *voir dire*, jury instructions, and verdict form shall also be filed on or before the Final Pretrial Order due date.

13. Counsel are required to meet and confer on a joint submission of proposed jury instructions, verdict form, and *voir dire* questions, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Final Pretrial Order due date.

14. The parties shall be ready for trial on <u>November 4, 2013</u>. [Absent exceptional circumstances, a date within two weeks following the Final Pretrial Order due date.]

15. This case [is ____ /is not __X__ ] to be tried to a jury.

16. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

3

<u>The parties are aware that the case has been designated under the Pilot Project Regarding Case Management Techniques for Complex Civil Cases. Given the parties' continuing efforts to settle the case, the parties are not submitting the Initial Report of Parties before Pretrial Conference. The parties agree that, if settlement has not progressed, the parties will meet and confer to prepare and file the Initial Report, as well as the Joint Electronic Discovery Submission and Proposed Order, with the Court on February 28, 2013.</u>

Counsel for the Parties:

Christopher R. Noyes
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800

John J. Regan
Anna E. Lumelsky
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

*Attorneys for Plaintiff*
*Braintree Laboratories, Inc.*

Steven Lieberman
Glenn E. Karta
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
607 14th Street, N.W.
Suite 800
Washington, D.C. 20005
Telephone: (202) 783-6040
Facsimile: (202) 783-6031

*Attorneys for Defendant*
*Cypress Pharmaceutical, Inc.*

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 6(f))) shall be made in a written application in accordance with Court's Individual Practices and shall be made no fewer than two (2) business days prior to the expiration of the date sought to be extended. Absent exceptional circumstances, extensions will not be granted after deadlines have already passed.

The next Case Management Conference is scheduled for  8/16/13  at  10:00 AM .

SO ORDERED.

Dated: 1/18/13
New York, New York

_____
JUDGE ALISON J. NATHAN
United States District Judge