**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BRAINTREE LABORATORIES, INC.,                )
                                             )
                        Plaintiff,           )
                                             )      Civil Action No. 12-cv-6851-AJN
v.                                           )
                                             )      **PLAINTIFF BRAINTREE**
CYPRESS PHARMACEUTICAL, INC.,                )      **LABORATORIES, INC.'S ANSWER TO**
                                             )      **COUNTERCLAIMS OF DEFENDANT**
                        Defendant.           )      **CYPRESS PHARMACEUTICAL, INC.**
                                             )
                                             )

Pursuant to the Local Rules of this Court and Rules 8 and 12 of the Federal Rules of Civil

Procedure, Plaintiff Braintree Laboratories, Inc. ("Braintree") hereby replies to the numbered

paragraphs and Request for Relief of the Counterclaims of Cypress Pharmaceutical, Inc.

("Cypress") as follows:

## I.  THE PARTIES

1.      On information and belief, Braintree admits the allegations of paragraph 1.

2.      Braintree admits the allegations of paragraph 2.

3.      Braintree admits the allegations of paragraph 3.

4.      Braintree admits the allegations of paragraph 4, but further states that Braintree

has made additional allegations in its Complaint beyond those identified by Cypress in paragraph

4.

## II.  JURISDICTION AND VENUE

5.      Braintree is not required to answer the allegations of paragraph 5 of Cypress'

Counterclaims because they purport to set forth legal conclusions.

6.      Braintree admits the allegations of paragraph 6.

7.      Braintree admits the allegations of paragraph 7.


**FIRST COUNTERCLAIM**
**DECLARATION OF NO INFRINGEMENT**
**OF UNITED STATES PATENT NO. 6,946,149**

8.      Braintree incorporates by reference and realleges paragraphs 1 through 26 of its

Complaint, and paragraphs 1 through 7 of its Answer, as if set forth here in their entirety.

9.      Braintree is not required to answer the allegations of paragraph 9 of Cypress'

Counterclaims because they purport to set forth legal conclusions.

10.      Braintree denies the allegations of paragraph 10.

11.      Braintree denies the allegations of paragraph 11.

12.      Braintree denies the allegations of paragraph 12.

**SECOND COUNTERCLAIM**
**DECLARATION OF INVALIDITY**
**OF UNITED STATES PATENT NO. 6,946,149**

13.      Braintree incorporates by reference and realleges paragraphs 1 through 26 of its

Complaint, and paragraphs 1 through 12 of its Answer, as if set forth here in their entirety.

14.      Braintree is not required to answer the allegations of paragraph 14 of Cypress'

Counterclaims because they purport to set forth legal conclusions.

15.      Braintree denies the allegations of paragraph 15.

16.      Braintree denies the allegations of paragraph 16.

17.      Braintree denies the allegations of paragraph 17.

18.      Braintree denies the allegations of paragraph 18.

## PRAYER FOR RELIEF

WHEREFORE, Braintree prays that this Court grant the following relief:

      A.  An order dismissing Cypress's Counterclaims with prejudice and denying each and every Prayer for Relief sought by Cypress;

      B.  An order granting each and every Prayer for Relief sought by Braintree in its Complaint;

      C.  An order under Section 285 of Title 35 of the U.S. Code, or other applicable law, awarding Braintree its attorneys' and experts' fees and costs of this litigation; and

      D.  Such further and other relief as this Court deems proper and just.

## FIRST AFFIRMATIVE DEFENSE

Cypress has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Cypress has waived all rights to assert the claims and obtain the relief that it seeks.

## THIRD AFFIRMATIVE DEFENSE

Cypress is estopped from asserting the claims and obtaining the relief that it seeks.

## FOURTH AFFIRMATIVE DEFENSE

Braintree reserves all other affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defense, at law or equity, that may now exist or in the future be available based on discovery and further investigation in this case.   Braintree further reserves the right to amend its Answer and/or affirmative defenses accordingly, and/or to forego affirmative defenses that Braintree determines during the course of discovery are not applicable.

Dated:  January 28, 2013

/s/ John J. Regan
John J. Regan
Anna E. Lumelsky
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Christopher R. Noyes
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

*Attorneys for Plaintiff*
*Braintree Laboratories, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Anna E. Lumelsky, hereby certify that on the date set forth below I caused to be served

Plaintiff Braintree Laboratories, Inc.'s Answer To Counterclaims of Defendant Cypress

Pharmaceutical, Inc., upon counsel for all parties, via CM/ECF notification.

Dated  January 28, 2013                            /s/ Anna E. Lumelsky_____
                                                   Anna E. Lumelsky