UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRAINTREE LABORATORIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 12-cv-6851-AJN |
| v. ) | ECF Case |
| ) | |
| CYPRESS PHARMACEUTICAL, INC., ) | **INITIAL REPORT OF PARTIES** |
| ) | |
| Defendant. ) | |

This case has been designated for inclusion in the Pilot Project Regarding Case Management Techniques for Complex Civil Cases ("Pilot Project"). Plaintiff Braintree Laboratories, Inc. ("Braintree") and Defendant Cypress Laboratories, Inc. ("Cypress") therefore submit the following report pursuant to Federal Rule of Civil Procedure 26(f) and the Pilot Project's Initial Pretrial Case Management Procedures.

I. **Overview**

This is an action for patent infringement of U.S. Patent No. 6,946,149 ("the '149 patent), as reexamined, arising under the patent laws of the United States, Title 35, United States Code, 35 U.S.C. § 271 and 281. This action relates to the Abbreviated New Drug Application ("ANDA") No. 204135, filed by Defendant Cypress Pharmaceuticals, Inc. ("Cypress") with the U.S. Food and Drug Administration seeking approval to market a generic version of Braintree's SUPREP® Bowel Prep Kit drug product ("SUPREP").

II. **Initial Pretrial Conference Checklist Topics**

The parties' positions on the topics set forth on the Initial Pretrial Conference Checklist are as follows:

1

A.	**Possible limitations on document preservation (including electronically stored information)**

The parties' positions with respect to proposed limitations on document preservation are described in the Joint Electronic Discovery Submission No. 1 and Proposed Order, filed concurrently herewith.

B.	**Appropriateness of initial disclosures pursuant to Rule 26(a)(1)**

On February 1, 2013, the parties exchanged Initial Disclosures pursuant to Rule 26(a)(1).

C.	**Possibility of a stay or limitation of discovery pending a dispositive motion**

No dispositive motion is currently pending, so no stay or limitation of discovery is required at this time.

D.	**Possibility of communication/coordination between the Magistrate Judge and District Judge with respect to pretrial matters**

The parties have no objection to communication/coordination between the Magistrate Judge and the District Judge with respect to pretrial matters.

E.	**Preliminary issues that are likely to arise that will require court intervention**

At this time, the parties are not aware of any pretrial issues that will require Court intervention.

F.	**Discovery issues that are envisioned and how discovery disputes will be resolved**

At this time, there are no discovery disputes between the parties.  In the event of any discovery disputes, the parties agree to follow the procedures set forth in the Local Civil Rules of this Court and Section II of the Rules for the Pilot Project Regarding Case Management Techniques for Complex Civil Cases.

G.	**Proposed Discovery**

The parties shall proceed with fact and expert discovery according to the procedures agreed to by the parties and ordered by this Court in paragraphs 6 and 7 of the Civil Case Management Plan and Scheduling Order, dated January 18, 2013 (Dkt. No. 21).

The parties are conferring about a possible agreement to adopt the patent rules used in another United States District Court to govern this litigation.  Should the parties reach an agreement on this issue, they will submit a proposed order to the Court.

H.      **Schedule**

The parties shall proceed in this matter according to the schedule agreed to by the parties and ordered by this Court in paragraphs 6, 7, 11, 12 of the Civil Case Management Plan and Scheduling Order, dated January 18, 2013 (Dkt. No. 21). That schedule is as follows:

1. Fact Discovery

    a. All fact discovery shall be completed no later than <u>July 17, 2013</u>.

    b. Initial requests for production of documents shall be served by <u>February 22, 2013</u>. (Both parties have served such initial document requests).

    c. Interrogatories shall be served by <u>February 22, 2013</u>. (Plaintiff served Interrogatories).

    d. Depositions shall be completed by <u>July 10, 2013</u>.

    e. Requests to admit shall be served by <u>June 17, 2013</u>.

    f. Any of the deadlines for initial requests for production, interrogatories, depositions and requests to admit may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by July 17, 2013.

2. Expert Discovery

    a. All expert discovery shall be completed no later than September 20, 2013.

    b. No later than thirty (30) days prior to September 20, 2013, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by September 20, 2013.

3. Summary Judgment Motions – All summary judgment motions are to be filed within 30 days of the close of expert discovery.

4. Trial Preparation

    a. Unless otherwise ordered by the Court, within forty (40) days of the close of all discovery, or, if a dispositive motion has been filed, within fourteen (14) days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Final Pretrial Order prepared in accordance with the Court's Individual Practices and Fed. R. Civ. P. 26(a)(3). Any

> motions *in limine* shall be filed on or before the date on which the Final Pretrial Order is due. If this action is to be tried before a jury, proposed *voir dire*, jury instructions, and verdict form shall also be filed on or before the Final Pretrial Order due date.
>
> b. Counsel are required to meet and confer on a joint submission of proposed jury instructions, verdict form, and *voir dire* questions, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Final Pretrial Order due date.
>
> c. The parties shall be ready for trial on <u>November 4, 2013</u>.

    I.    **Issues to be tried**

At this time, the parties anticipate that the following issues will need to be tried, unless such issues are decided before trial on a dispositive motion:

1. Whether the '149 patent is infringed by the proposed generic drug product which is the subject of ANDA No. 204135; and

2. Whether the '149 patent is valid.

    J.    **Bifurcation**

At this time, the parties do not anticipate a need for any bifurcation of the issues to be tried.

    K.    **Class certification issues**

The parties do not anticipate that any class certification issues will arise in this litigation.

    L.    **ADR/Mediation**

The parties are currently involved in active settlement negotiations. The parties have exchanged several drafts of, and comments on, a proposed settlement agreement and are currently working towards resolving the case.

The parties have agreed, in paragraph 10(b) of the Civil Case Management Plan, ordered by this Court on January 18, 2013 (Dkt. No. 21), that, should the parties' present efforts at settlement stall or fail, the parties would prefer to hold a settlement conference before a Magistrate Judge.

The parties have agreed, in paragraph 10(c) of the Civil Case Management Plan, ordered by this Court on January 18, 2013 (Dkt. No. 21), that, should the parties' present efforts at settlement

stall or fail, any settlement conference before a Magistrate Judge should be held within sixty (60) days after the initial pretrial conference.

      M.    **Possibility of consent to trial before a Magistrate Judge**

The parties do not consent to trial before a Magistrate Judge.

      N.    **Pleading, including sufficiency and amendments, and the likelihood and timing of amendments**

Plaintiff has filed a Complaint and will evaluate in the course of discovery whether any amendments are needed. Defendant has filed an Answer and will evaluate in the course of discovery whether any amendments are needed.

      O.    **Joinder of additional parties, and the likelihood and timing of joinder of additional parties**

At this time, the parties do not anticipate joinder of additional parties.

      P.    **Expert Witnesses (including necessity or waiver of expert depositions)**

The parties anticipate that they will have expert witnesses and that expert depositions will be necessary.

      Q.    **Damages (computation issues and timing of damages discovery)**

At this time, neither party has claimed entitlement to any damages other than entitlement to litigation fees and costs from the current litigation.

      R.    **Final pretrial order (including possibility of waiver of order)**

The parties have agreed, and this Court has ordered, in paragraph 12 of the Civil Case Management Plan and Scheduling Order, ordered by this Court on January 18, 2013 (Dkt. No. 21), that unless otherwise ordered by the Court, within forty (40) days of the close of all discovery, or, if a dispositive motion has been filed, within fourteen (14) days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Final Pretrial Order prepared in accordance with the Court's Individual Practices and Fed. R. Civ. P. 26(a)(3). Any motions *in limine* shall be filed on or before the date on which the Final Pretrial Order is due. If this action is to be tried before a jury, proposed *voir dire*, jury instructions, and verdict form shall also be filed on or before the Final Pretrial Order due date.

      S.    **Possible trial-ready date**

The parties shall be ready for trial on November 4, 2013, as ordered by this Court in paragraph 14 of the Civil Case Management Plan and Scheduling Order, dated January 18, 2013 (Dkt. No. 21).

T. **Court logistics and mechanics (e.g., communications with the Court, streamlined motion practice, pre-motion conferences, etc.)**

The parties propose adhering to Judge Nathan's Individual Practices in Civil Cases regarding court logistics and mechanics.

U. **The need for additional meet and confer sessions, to continue to discuss issues raised at the initial conference among counsel**

No additional meet and confer sessions are needed at this time.

III. **Proposed Schedule for Fact and Expert Discovery**

The parties refer the Court to their discussions of items H1-4 above. The parties also refer the Court to paragraphs 5-7 of the Civil Case Management Plan and Scheduling Order, entered by this Court on January 18, 2013 (Dkt. No. 21).

IV. **Settlement**

The parties refer the Court to the discussion in item L above.

Dated: February 28, 2013


 /s/ John J. Regan  
John J. Regan  
Anna E. Lumelsky  
WILMER CUTLER PICKERING HALE AND DORR LLP  
60 State Street  
Boston, MA  02109  
Telephone: (617) 526-6000  
Facsimile: (617) 526-5000  

Christopher R. Noyes  
WILMER CUTLER PICKERING HALE AND DORR LLP  
7 World Trade Center  
250 Greenwich Street  
New York, NY  10007  
Telephone: (212) 230-8800  


*Attorneys for Plaintiff*  
*Braintree Laboratories, Inc.*

 /s/ Steven Lieberman  
Steven Lieberman  
Lisa Phillips (*pro hac vice* to be filed)  
ROTHWELL, FIGG, ERNST & MANBECK, P.C.  
607 14th Street, N.W.  
Suite 800  
Washington, D.C. 20005  
Telephone: (202) 783-6040  
Facsimile: (202) 783-6031  

*Attorneys for Defendant*  
*Cypress Pharmaceutical, Inc.*