Nathan, a.

```
┌─────────────────────────────────────────┐
│  USDC SDNY                                │
│  DOCUMENT                                 │
│  ELECTRONICALLY FILED                     │
│  DOC #: _____            │
│  DATE FILED: MAR 0 1 2013                 │
└─────────────────────────────────────────┘
```

Christopher R. Noyes, Esq.
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230 8800

John J. Regan, Esq.
Anna E. Lumelsky, Esq.
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109

*Attorneys for Plaintiff*
*Braintree Laboratories, Inc.*

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Braintree Laboratories, Inc., | ) | |
| Plaintiff | ) | |
| | ) | No.: 1:12-CV-06851-AJN |
| -against- | ) | **Joint Electronic Discovery Submission** |
| | ) | **No. 1 and [Proposed] Order** |
| Cypress Pharmaceuticals, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

One or more of the parties to this litigation have indicated that they believe that relevant information may exist or be stored in electronic format, and that this content is potentially responsive to current or anticipated discovery requests. This Joint Submission and [Proposed] Order (and any subsequent ones) shall be the governing document(s) by which the parties and the Court manage the electronic discovery process in this action. The parties and the Court recognize that this Joint Electronic Discovery Submission No. 1 and [Proposed] Order is based on facts and circumstances as they are currently known to each party, that the electronic discovery process is iterative, and that additions and modifications to this Submission may become necessary as more information becomes known to the parties.

(1)     **Brief Joint Statement Describing the Action, [e.g., "Putative securities class action pertaining to the restatement of earnings for the period May 1, 2009 to May 30, 2009"]:**

This is an action for patent infringement of U.S. Patent No. 6,946,149, as reexamined, arising under the patent laws of the United States, Title 35, United States Code, 35 U.S.C. § 271 and 281. This action relates to the Abbreviated New Drug Application No. 204135, filed by Defendant Cypress Pharmaceuticals, Inc. ("Cypress") with the U.S. Food and Drug Administration seeking approval to market a generic version of Braintree's SUPREP® Bowel Prep Kit drug product ("SUPREP").

   (a)   Estimated amount of Plaintiff(s)' Claims:

      \_\_ Less than $100,000
      \_\_ Between $100,000 and $999,999
      \_\_ Between $1,000,000 and $49,999,999
      \_\_ More than $50,000,000
      X Equitable Relief
      \_\_ Other (if so, specify) _____

   (b)   Estimated amount of Defendant(s)' Counterclaim/Cross-Claims:

      \_\_ Less than $100,000
      \_\_ Between $100,000 and $999,999
      \_\_ Between $1,000,000 and $49,999,999
      \_\_ More than $50,000,000
      X Equitable Relief
      Other (if so, specify) _____

(2)   **Competence.** Counsel certify that they are sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

(3)   **Meet and Confer.** Pursuant to Fed. R. Civ. P. 26(f), counsel are required to meet and confer regarding certain matters relating to electronic discovery before the Initial Pretrial Conference (the Rule 16 Conference). Counsel hereby certify that they have met and conferred to discuss these issues.

Date(s) of parties' meet-and-confer conference(s):   Conference on January 18, 2013; Email correspondence on February 27, 2013 and February 28, 2013

(4)   **Unresolved Issues:** After the meet-and-confer conference(s) taking place on the aforementioned date(s), the following issues remain outstanding and/or require court intervention: \_\_ Preservation; \_\_ Search and Review; \_\_ Source(s) of Production; \_\_ Form(s) of Production; \_\_ Identification or Logging of Privileged Material; \_\_ Inadvertent Production of Privileged Material; \_\_ Cost Allocation; and/or \_\_ Other (if so, specify). _____ To the extent specific details are needed about one or more issues in dispute, describe briefly below.

2

At this time, no electronic discovery issues remain outstanding or require court intervention.

As set forth below, to date, the parties have addressed the following issues:

(5)     **Preservation.**

(a)     The parties have discussed the obligation to preserve potentially relevant electronically stored information and agree to the following scope and methods for preservation, including but not limited to: retention of electronic data and implementation of a data preservation plan; identification of potentially relevant data; disclosure of the programs and manner in which the data is maintained; identification of computer system(s) utilized; and identification of the individual(s) responsible for data preservation, etc.

Plaintiff(s):

Plaintiff has implemented a "litigation hold" that encompasses all sources of electronic information likely to prove relevant to this litigation. Plaintiff is willing to work with Defendant to develop and agree upon a list of (i) search terms, and (ii) custodians for purposes of performing searches in electronically stored information.

Defendant(s):

Defendant has implemented a "litigation hold" that encompasses all sources of electronic information likely to prove relevant to this litigation. Defendant is willing to work with Plaintiff to develop and agree upon a list of (i) search terms, and (ii) custodians for purposes of performing searches in electronically stored information.

(b)     State the extent to which the parties have disclosed or have agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications.

At this time, the parties have not disclosed or agreed to disclose the dates, contents, and/or recipients of the "litigation hold" communications.

(c)     The parties anticipate the need for judicial intervention regarding the following issues concerning the duty to preserve, the scope, or the method(s) of preserving electronically stored information:

Neither party anticipates at this time that issues requiring Court intervention will arise relating to electronic discovery.

3

(6)     **Search and Review**

(a)     The parties have discussed methodologies or protocols for the search and review of electronically stored information, as well as the disclosure of techniques to be used. Some of the approaches that may be considered include: the use and exchange of keyword search lists, "hit reports," and/or responsiveness rates; concept search; machine learning, or other advanced analytical tools; limitations on the fields or file types to be searched; date restrictions; limitations on whether back-up, archival, legacy, or deleted electronically stored information will be searched; testing; sampling; etc. To the extent the parties have reached agreement as to search and review methods, provide details below.

Plaintiff(s):

The parties have initiated discussions concerning the issues stated above. Plaintiff is willing to work with Defendant to develop and agree upon lists of search terms and custodians for purposes of performing searches of electronically stored information.

Defendant(s):

The parties have initiated discussions concerning the issues stated above. Defendant is willing to work with Plaintiff to develop and agree upon lists of search terms and custodians for purposes of performing searches of electronically stored information.

(b)     The parties anticipate the need for judicial intervention regarding the following issues concerning the search and review of electronically stored information:

Neither party anticipates at this time that issues requiring Court intervention will arise relating to electronic discovery.

(7)     **Production**

(a)     Source(s) of Electronically Stored Information. The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information [e.g., email, word processing documents, spreadsheets, presentations, databases, instant messages, web sites, blogs, social media, ephemeral data, etc.]:

Plaintiff(s):

Plaintiff anticipates that discovery may occur from one or more of the following potential sources of electronically stored information:

4

- Email
- Word Processing Documents
- Spreadsheets
- Presentations
- Web sites
- Clinical Trial Records

Defendant(s):

Defendant anticipates that discovery may occur from one or more of the following potential sources of electronically stored information:

- Email
- Word Processing Documents
- Spreadsheets
- Clinical Trial Records

(b)     Limitations on Production.  The parties have discussed factors relating to the scope of production, including but not limited to: (i) number of custodians; (ii) identity of custodians; (iii) date ranges for which potentially relevant data will be drawn; (iv) locations of data; (v) timing of productions (including phased discovery or rolling productions); and (vi) electronically stored information in the custody or control of non-parties.  To the extent the parties have reached agreements related to any of these factors, describe below:

Plaintiff(s):

The parties have initiated discussions concerning the issues stated above.  At this time, Plaintiff anticipates that approximately 9 custodians may be in possession of relevant, discoverable information in this case.  These custodians are: Dr. Mark Cleveland, Dr. John Fordtran, Mr. Robert Raleigh, Dr. Russell Pelham, Mr. Harry Keegan IV, Ms. Vivian Cabellero, Mr. John McGowan, Mr. Thomas Kelly, Dr. Jack DiPalma.

At this time, Plaintiff anticipates that the date range from which potentially relevant data will be drawn is from approximately January 2000 through approximately July 2012.  The data may be located at Braintree's principal place of business in Braintree, MA and/or at the offices of Dr. John Fordtran at Baylor University Medical Center.  The data will be produced on a rolling basis, beginning in approximately April 2013.

Defendant(s):

The parties have initiated discussions concerning the issues stated above.  At this time, Defendant anticipates that approximately 5 custodians may be in possession of relevant, discoverable information in this case.  These custodians are: Robert

5

Lewis; Janet DeLeon; Tamara Jovonovich; Blanche Reynolds, and; Lin Xia.

At this time, Defendant anticipates that the date range from which potentially relevant data will be drawn is from approximately October 2010 through approximately July 2012. The data may be located at Cypress' principal place of business in Madison, Mississippi. The data will be produced on a rolling basis, beginning in approximately April 2013.

(c)    Form(s) of Production:

(1)    The parties have reached the following agreements regarding the form(s) of production:

Plaintiff and Defendant agree to produce electronic documents on DVDs or hard drives in the following format: single-page 300dpi CCITT Group IV black and white TIFFs, with a load file reflecting appropriate page breaks. Documents will be provided with (1) a Concordance delimited dat file (where the first line in the dat file contains the field tags) and (2) an Opticon delimited file.

Plaintiff and Defendant agree to provide, with each document, a document-level text file. The text of native files should be extracted directly from the native file. Each text file will be named using its corresponding image files. Documents for which text cannot be extracted will be produced with OCR (when possible). Plaintiff and Defendant agree that with respect to documents containing redacted text, no text will be provided for the redacted portion.

Plaintiff and Defendant agree to provide the following metadata fields, if they exist, for all documents: bates begin, bates end, attachment range, custodian, all custodians. Plaintiff and Defendant also agree to provide the following metadata for e-mail, as applicable and available: date sent, to, from, CC, BCC, subject. For non-email documents, Plaintiff and Defendant agree to provide the last modified data, if available. Metadata pertaining to date will be provided based on Eastern Standard Time.

Plaintiff and Defendant agree that no documents will be produced in color or in native format. The parties agree to meet and confer in good faith if either party believes that production in color or production of native files is required for a particular document or set of documents.

Plaintiff and Defendant agree that project-level de-duplication of electronic productions will be applied (and an All Custodians metadata field provided).

(2)    Please specify any exceptions to the form(s) of production indicated above

6

(e.g., word processing documents in TIFF with load files, but spreadsheets in native form):

The parties understand that production of certain files in native format may become necessary, and agree to meet and confer to resolve issues that arise relating to this issue.

(3)    The parties anticipate the need for judicial intervention regarding the following issues concerning the form(s) of production:

At this time, neither party anticipates that issues requiring Court intervention will arise relating to the form(s) of production.

(d)    Privileged Material.

(1)    Identification. The parties have agreed to the following method(s) for the identification (including the logging, if any, or alternatively, the disclosure of the number of documents withheld), and the redaction of privileged documents:

The parties agree to meet and confer to address the nature and scope of privileges that the producing party believes applies to the discovery materials requested.

The parties agree that privilege logs will be consistent with the requirements of the Local Civil Rules of this Court as well as Section II(D)-(E) of the Standing Order re: Pilot Project Regarding Case Management Techniques for Complex Civil Cases. The parties further agree that privilege logs need not include privileged communications or work product generated after the date of the Paragraph IV letter of Novel Laboratories, Inc. (January 25, 2011), even if such communications or work product are otherwise responsive. The parties agree to serve the privilege logs no later than thirty (30) days prior to the end of fact discovery.

The parties agree that they will abide by the procedures set forth in Section II(C)-(E) of the Standing Order re: Pilot Project Regarding Case Management Techniques for Complex Civil Cases.

(2)    Inadvertent Production / Claw-Back Agreements. Pursuant to Fed R. Civ. Proc. 26(b)(5) and F.R.E. 502(e), the parties have agreed to the following concerning the inadvertent production of privileged documents (e.g. "quick-peek" agreements, on-site examinations, non- waiver agreements or orders pursuant to F.R.E. 502(d), etc.):

The parties have agreed that the inadvertent or unintentional disclosure of a

document or thing protected by privilege or work-product immunity shall not be deemed a waiver in whole or in part of a party's claim of privilege or work product immunity, either as to the specific information, document, or thing disclosed, or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom that material was disclosed that the material is privileged or subject to work product immunity. The receiving party's treatment of such material shall be in accordance with FRCP 26(b)(5)(B).

(3)    The parties have discussed a 502(d) Order. Yes ___ ; No __X__

The provisions of any such proposed Order shall be set forth in a separate document and presented to the Court for its consideration.

(e)    Cost of Production. The parties have analyzed their client's data repositories and have estimated the costs associated with the production of electronically stored information. The factors and components underlying these costs are estimated as follows:

(1)    Costs:

Plaintiff(s):

Plaintiff is in the process of analyzing the costs that it anticipates will be associated with the production of electronically stored information. However, Plaintiff is not yet in a position to be able to make a meaningful estimate of these costs.

Defendant(s):

Defendant is in the process of analyzing the costs that it anticipates will be associated with the production of electronically stored information. However, Defendant is not yet in a position to be able to make a meaningful estimate of these costs.

(2)    Cost Allocation: The parties have considered cost-shifting or cost-sharing and have reached the following agreements, if any:

At this time, the parties agree that it is unlikely that cost-shifting or cost-sharing agreements or arrangements will be necessary in this case.

(3)    Cost Savings: The parties have considered cost-saving measures, such as the use of a common electronic discovery vendor or a shared document repository, and have reached the following agreements, if any:

At this time, the parties agree that cost-saving measures such as those noted above will not be appropriate in this case.

(f)     The parties anticipate the need for judicial intervention regarding the following issues concerning the production of electronically stored information:

At this time, neither party anticipates that issues requiring Court intervention will arise relating to electronic discovery.

(8)     **Other Issues:**

At this time, neither party foresees other issues that are likely to require Court intervention.

**The preceding constitutes the agreement(s) reached, and disputes existing, (if any) between the parties to certain matters concerning electronic discovery as of this date. To the extent additional agreements are reached, modifications are necessary, or disputes are identified, they will be outlined in subsequent submissions or agreements and promptly presented to the Court.**

| Party: | Braintree Laboratories, Inc. | By: | _John Regan (C.b)_ |
| Party: | Cypress Laboratories, Inc. | By: | _Steven Lieberman (C.b)_ |
| Party: | | By: | |
| Party: | | By: | |
| Party: | | By: | |

**The next scheduled meet-and-confer conference to address electronic discovery issues, including the status of electronic discovery and any issues or disputes that have arisen since the last conference or Order, shall take place on:** _____.

**The next scheduled conference with the Court for purposes of** ~~at 10:00 A.M.~~ **updating the Court on electronic discovery issues has been scheduled for** _3/16/13_ . **Additional conferences, or written status reports, shall be set every 3 to 4 weeks, as determined by the parties and the Court, based on the complexity of the issues at hand. An agenda should be submitted to the Court four (4) days before such conference indicating the issues to be raised by the**

parties. The parties may jointly seek to adjourn the conference with the Court by telephone call 48 hours in advance of a scheduled conference, if the parties agree that there are no issues requiring Court intervention.

____ Check this box if the parties believe that there exist a sufficient number of e-discovery issues, or the factors at issue are sufficiently complex, that such issues may be most efficiently adjudicated before a Magistrate Judge.

Additional Instructions or Orders, if any:

_____
_____
_____
_____
_____
_____
_____
_____
_____

Dated: 3/1, 2013                SO ORDERED:

                        _____
                               United States District Judge

10