UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 0 1 2013

```
                                    )
BRAINTREE LABORATORIES, INC.,       )
                                    )
          Plaintiff,                )
                                    )    Civil Action No.: 12-cv-6851-AJN
     v.                             )    ECF Case
                                    )
CYPRESS PHARMACEUTICAL, INC.,       )
                                    )
          Defendant.                )
                                    )
```

Plaintiff Braintree Laboratories, Inc. ("Braintree") and Defendant Cypress Pharmaceutical, Inc. ("Cypress") hereby enter the following stipulation:

WHEREAS, Braintree and Cypress are parties to the above-captioned litigation, in which Braintree has accused Cypress of infringing United States Patent No. 6,946,149 ("the '149 patent") by filing Cypress' Abbreviated New Drug Application ("ANDA") No. 204135; and

WHEREAS, Braintree also has been, and is, involved in litigation regarding the '149 patent in *Braintree Laboratories, Inc. v. Novel Laboratories, Inc.*, No. 11-01341 (the "Novel Case"), in which the United States District Court for the District of New Jersey entered a final, appealable judgment on June 19, 2013 finding the '149 patent infringed and valid; and

WHEREAS, Cypress wishes to file an early Motion for Summary Judgment of Non-infringement ("Motion") in the above-captioned case; and

WHEREAS, the parties desire to narrow the issues for litigation;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

## PROCEDURAL STIPULATION

1. Cypress will file its Motion on July 15, 2013. Braintree's Opposition shall be due on August 2, 2013. Cypress' Reply shall be due on August 13, 2013.

2. The parties agree to withdraw all pending discovery requests, and agree not to serve or produce any additional discovery in this matter.

3. Cypress agrees not to present any defense of non-infringement in this case other than that based on the "from about 100 ml to about 500 ml" limitation present in every asserted claim of the '149 Patent.  If the Court denies Cypress' Motion, Cypress stipulates that its proposed generic version of Braintree's SUPREP described in Cypress' ANDA No. 204135 ("Cypress' ANDA Product") infringes claims 15, 18, 19, 20, and 23 of the '149 Patent; provided, however, that if the Federal Circuit vacates or reverses any portion of the claim construction or infringement determination issued by the District Court in the Novel Case, Cypress will be permitted to rely upon any final judgment of non-infringement obtained in the Novel Case, whether at the Federal Circuit or upon a remand to the District Court.

4. Cypress agrees that it will not present independently any patent invalidity defenses (including invalidity under 35 U.S.C. §§ 101, 102, 103, 112, 282 and/or for improper double patenting) in this case; provided, however, that Cypress will have the right to rely on any judgment of invalidity obtained in the Novel Case, whether at the Federal Circuit or upon a remand to the District Court.

5. Cypress agrees that, for purposes of its Motion, the claim construction of "purgation" adopted by the District Court in the Novel Case will apply.

6. Other than the non-infringement defense set forth in its Motion, Cypress agrees not to raise any other defenses or counterclaims in this case, including any defense of unenforceability for inequitable conduct, any defense based on lack of standing, and any counterclaims regarding unfair competition, false marking, antitrust violations or for delisting of the '149 Patent.

7. Cypress stipulates that the proposed generic drug product described in ANDA No. 204135 is, in all relevant and material respects, identical to Novel's proposed generic version of Braintree's SUPREP that was adjudged to infringe the '149 Patent in the Novel Case.

8.  Cypress agrees to be bound by a final decision in the Novel Case from which no appeal has or can be taken on any issues having to do with patent invalidity, the defenses and claims described in paragraph 6 above, and non-infringement, other than the non-infringement issue to be presented in Cypress' Motion.

Dated: June 26, 2013

_/s/ John J. Regan_____

John J. Regan
Anna E. Lumelsky
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526 5000

Christopher R. Noyes
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

*Attorneys for Plaintiff*
*Braintree Laboratories, Inc.*

_/s/ Steven Lieberman_____

Steven Lieberman
Lisa N. Phillips
ROTHWELL, FIGG, ERNST &
MANBECK, P.C.
607 14th Street, N.W.
Suite 800
Washington, D.C. 20005
Tel: (202) 783 6040
Fax: (202) 783 6031

*Attorneys for Defendant*
*Cypress Pharmaceutical, Inc.*

IT IS SO ORDERED this _____ day of June, 2013.

_____
U.S. District Judge Alison J. Nathan