

**ROTHWELL, FIGG, ERNST & MANBECK, P.C.**

607 14th Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone (202) 783-6040
Facsimile  (202) 783-6031
www.rfem.com
info@rfem.com

G. Franklin Rothwell
(1928-2011)

E. Anthony Figg              Lisa N. Phillips
Harry F. Manbeck, Jr.        Steven P. Weihrouch
George R. Repper             Robert P. Parker
Steven Lieberman             Jenny L. Colgate
Joseph A. Hynds              Leo M. Loughlin
Martin M. Zoltick            Monica Chin Kitts
R. Danny Huntington          Matthew D. Stephens
Richard Wydeven              Michael V. Battaglia
Sharon L. Davis              Seth E. Cockrum, Ph.D.
Robert B. Murray             Michael H. Jones
Jeffrey L. Ihnen             Rachel M. Echols
Martha Cassidy, Ph.D.        Brett A. Postal
Brian S. Rosenbloom          Erik K. Sivertson*
Jason M. Shapiro             Chen Li
Brian A. Tollefson           Jeffrey R. Fougere
C. Nichole Gifford           Jennifer P. Nock
Joo Mee Kim                  Jennifer B. Maisel*
R. Elizabeth Brenner-Leifer  Soumya P. Panda*
Nancy J. Linck, Ph.D.        Jason M. Nolan, Ph.D.*
Sharon E. Crane, Ph.D.       Aydin H. Harston, Ph.D.*
                             Joanna M. Grigas*

*Not a member of the D.C.
Bar. Practice limited to patent,
trademark and copyright matters
and cases in federal courts.

Of Counsel
William N. Hughet

January 16, 2014

Honorable Alison J. Nathan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 906
New York, New York 10007

Re:   *Braintree Laboratories, Inc. v. Breckenridge Pharmaceutical, Inc.*
      Case No.: 12-cv-6851-AJN

Dear Judge Nathan:

I represent Defendant Breckenridge Pharmaceutical, Inc. ("Breckenridge"), the successor in interest of Cypress Pharmaceutical, Inc., in the above-referenced action. (*See* D.I. 62.) Pursuant to this Court's January 9, 2014 order (D.I. 63), I submit this joint letter on behalf of Plaintiff Braintree Laboratories, Inc. ("Braintree") and Breckenridge to set forth the parties' respective positions.

1. **Braintree's Position**

Plaintiff Braintree consents to the Court's proposal in its January 9, 2014 Order (D.I. 63). Consistent with that Order, Braintree proposes that within 14 days of the Federal Circuit issuing a mandate in *Braintree Laboratories, Inc. v. Novel Laboratories, Inc.*, No. 13-1348 (the "Novel Case"), Braintree and Breckenridge submit a joint status report to the Court. Until the Federal Circuit issues a mandate in the Novel Case, Braintree believes that setting a briefing schedule is premature. With respect to Breckenridge's arguments on the merits below, Braintree's position is set forth in its Opposition to Breckenridge's Motion for Summary Judgment. (*See* D.I. 48.)

2. **Breckenridge's Position**

Breckenridge agrees that the Federal Circuit decision in the Novel Case may be dispositive of this case. In fact, the parties' procedural stipulation provides that Breckenridge

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Honorable Alison J. Nathan<br>
January 16, 2014<br>
Page 2

may rely upon any final judgment of noninfringement or invalidity in the Novel Case. (D.I. 41 ¶¶ 3–4.)

However, as Breckenridge pointed out in the Memorandum in Support of its Motion for Summary Judgment of Noninfringement, the noninfringement arguments presented by Novel (which focus on the construction of "purgation") are not the same as those presented by Breckenridge. (D.I. 43 at 12–13, D.I. 55 at 1). Breckenridge has argued that - regardless of the construction of "purgation" - its product cannot, as a matter of law, infringe because Breckenridge's ANDA requires that its product be administered in a total volume of 946 ml, while every claim of the '149 patent requires a volume of "about 100 ml to about 500 ml." Therefore, in the event Braintree prevails, or the Federal Circuit orders a remand in the Novel Case, it will still be necessary for this Court to decide Breckenridge's motion. (*See* D.I. 41 ¶8.)

Breckenridge understands the potential for judicial efficiency in deferring decision on its motion for summary judgment until after the Federal Circuit issues a decision in the Novel Case. However, the briefing on Breckenridge's motion has been complete since August 13, 2013. Given the typical three month period between oral argument and a decision at the Federal Circuit, it will likely be another four months until a decision is entered in the Novel Case. Moreover, Braintree's above proposal requires no action in this case until after a mandate issues in the Novel Case, which would add another several months to the resolution here.

Breckenridge therefore requests that, in the event the Federal Circuit orders a remand or Braintree prevails in the Novel Case, this Court order that the parties promptly re-file their earlier briefs (*i.e.*, within 5 business days after such a decision is entered), and order expedited supplemental briefing limited to ten (10) pages per party directed to the issue of the effect on this case, if any, of the Federal Circuit's ruling in the Novel Case.

Respectfully submitted,<br><br>
Steven Lieberman

cc:   All counsel of record