

**ROTHWELL, FIGG, ERNST & MANBECK, P.C.**

607 14th Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone (202) 783-6040
Facsimile  (202) 783-6031
www.rfem.com
info@rfem.com

E. Anthony Figg
Harry F. Manbeck, Jr.
George R. Repper
Steven Lieberman
Joseph A. Hynds
Martin M. Zoltick
R. Danny Huntington
Richard Wydeven
Sharon L. Davis
Robert B. Murray
Jeffrey L. Ihnen
Martha Cassidy, Ph.D.
Brian S. Rosenbloom
Jason M. Shapiro
Brian A. Tollefson
C. Nichole Gifford
Joo Mee Kim
R. Elizabeth Brenner-Leifer
Nancy J. Linck, Ph.D.

G. Franklin Rothwell
(1928-2011)

Sharon E. Crane, Ph.D.
Lisa N. Phillips
Steven P. Weihrouch
Robert P. Parker
Jenny L. Colgate
Leo M. Loughlin
Monica Chin Kitts
Matthew D. Stephens
Michael V. Battaglia
Seth E. Cockrum, Ph.D.
Michael H. Jones
Rachel M. Echols
Brett A. Postal
Erik K. Sivertson*
Chen Li
Jeffrey R. Fougere
Jennifer P. Nock
Jennifer B. Maisel*
Soumya P. Panda*
Jason M. Nolan, Ph.D.*

*Not a member of the D.C.
Bar. Practice limited to patent,
trademark and copyright matters
and cases in federal courts.

Of Counsel
William N. Hughet

April 29, 2014

Honorable Alison J. Nathan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 906
New York, New York 10007

      Re:    *Braintree Laboratories, Inc. v. Breckenridge Pharmaceutical, Inc.*
              Case No.: 12-cv-6851-AJN

Dear Judge Nathan:

      We represent Defendant Breckenridge Pharmaceutical, Inc. ("Breckenridge"), the successor in interest of Cypress Pharmaceutical, Inc., in the above-referenced action. (*See* D.I. 62.) Pursuant to this Court's January 17, 2014 order (D.I. 65), we submit this joint letter on behalf of Plaintiff Braintree Laboratories, Inc. ("Braintree") and Breckenridge to set forth the parties' recommendation regarding disposition of this case in view of the April 22, 2014 decision of the United States Court of Appeals for the Federal Circuit in *Braintree Laboratories, Inc. v. Novel Laboratories, Inc.*, No. 13-1348 (the "Novel Case"). The Federal Circuit decision is attached as Exhibit A.

      The Federal Circuit affirmed-in-part, reversed-in-part, vacated and remanded the decision of the United States District Court for the District of New Jersey in the Novel Case. *See* Exh. A at 2-3. The Federal Circuit affirmed the district court's construction of the claim term "purgation" and affirmed the district court's finding that the asserted claims of U.S. Patent No. 6,946,149 ("the '149 patent") are not invalid. The Federal Circuit found that the district court erred in its construction of the claim term "clinically significant electrolyte shifts," vacated the grant of summary judgment of infringement, and remanded "for further factual findings to determine whether the composition covered by Novel's ANDA product infringes under the new claim construction articulated" in the opinion. *Id.* at 3.

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Honorable Alison J. Nathan
April 29, 2014
Page 2

As this Court is aware, on July 1, 2013, Braintree and Breckenridge entered into a Procedural Stipulation in this matter.[1] That stipulation states, in relevant part:

> "[Breckenridge] agrees not to present any defense of non-infringement in this case other than that based on the 'from about 100 ml to about 500 ml' limitation present in every asserted claim of the '149 patent. If the Court denies [Breckenridge's] Motion, [Breckenridge] stipulates that its proposed generic version of Braintree's SUPREP described in [Breckenridge's] ANDA No. 204135… infringes claims 15, 18, 19, 20, and 23 of the '149 patent; provided, however, that if the Federal Circuit vacates or reverses any portion of the claim construction or infringement determination issued by the District Court in the Novel Case, [Breckenridge] will be permitted to rely upon any final judgment of non-infringement obtained in the Novel Case, whether at the Federal Circuit or upon remand to the District Court."

(D.I. 41 at ¶ 3.).

Pursuant to this Court's January 17, 2014 Order (D.I. 65), the parties have met and conferred regarding whether further action in this matter is warranted in light of the Federal Circuit's decision in the Novel Case. Because the determination of infringement has been remanded to the district court in the Novel Case, the parties respectfully request that this case remain on administrative hold until the completion of proceedings on remand in the Novel Case by final judgment in the U.S. District Court (specifically, the judgment entered after the conclusion of the proceedings on remand from which an appeal may then be taken). Upon completion of such proceedings, the parties will promptly notify this Court and file any appropriate motions. In the event that the parties to the Novel Case settle the action and file a stipulation of dismissal in the U.S. District Court prior to the entry of final judgment in that action, the parties to this action agree to promptly notify this Court and file any appropriate motions. The parties believe that a continuation of the administrative hold in this case favors judicial economy and is in the best interests of the parties; however, the parties reserve the right to seek removal of the administrative hold at an earlier time.

Although the parties agree with respect to the above recommendation as to how this matter should proceed, the parties disagree about the Federal Circuit's decision and its import to this matter. Therefore, the parties state here their respective positions on that issue:

---

[1] The July 1, 2013 Procedural Stipulation was between Braintree and Defendant Cypress Pharmaceutical, Inc. ("Cypress"). (D.I 41.) On October 15, 2013, Cypress filed a Motion to Substitute a Party, requesting that the Court substitute Breckenridge for Cypress in this matter. (D.I. 61.) In that Motion, Breckenridge agreed to be bound by the July 1, 2013 Procedural Stipulation between Braintree and Cypress. *Id.* On October 16, 2013, this Court issued an Order granting the Motion to Substitute a Party, and ordered that Breckenridge would be bound by the Procedural Stipulation entered by Cypress in this matter. (D.I. 62.)

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Honorable Alison J. Nathan
April 29, 2014
Page 3

**Breckenridge Position:**

Breckenridge notes the issue raised by its motion for summary judgment was not raised by Novel in the district court or on appeal to the Federal Circuit. Nevertheless, Judge Dyk *sua sponte* raised and adopted Breckenridge's arguments that the ANDA product cannot infringe because it does not meet the volume limitation of the claims. *See* Exhibit A, Dyk, J. (dissent). The majority did not address these arguments, and did not indicate whether it disagreed with Judge Dyk's analysis or simply did not address the arguments because they were not raised by the parties in the Novel appeal. Breckenridge reserves the right to present the non-infringement arguments raised by its motion for summary judgment in the event Novel does not prevail in its case on remand.

Breckenridge is further studying the Federal Circuit's ruling and may request a conference to discuss the best way to move forward in this case. However, Breckenridge is not requesting such a conference at this time.

**Braintree Position:**

In its motion for summary judgment, Breckenridge argued noninfringement based on the 'from about 100 ml to about 500 ml' claim limitation. (D.I. 43). In the Novel Case, the district court rejected that same noninfringement defense after the parties fully briefed it in cross-motions for summary judgment on the issue of infringement. *See* D.I. 48, at 24-25; *Braintree v. Novel*, Civil Action No. 3:11-cv-01341 (PGS) (D.N.J.), D.I. 159, at 34-56; D.I. 173, at 28-25; D.I. 176, at 30-42; D.I. 203, at 10-15; D.I. 205, at 13-20; D.I. 261, at 16. Novel did not appeal the district court's rejection of that noninfringement argument (and instead appealed the district court's infringement finding on other grounds), but Judge Dyk raised this issue on appeal *sua sponte*. *See* Exhibit A, at Dyk dissenting opinion. The precedential majority opinion of the Federal Circuit did not adopt Judge Dyk's opinion. *See* Exhibit A, at Prost majority opinion. This shows that the other two judges on the panel considered and rejected the same noninfringement defense that Breckenridge presented in its summary judgment motion. (D.I. 43).

Accordingly, Breckenridge can no longer maintain its sole noninfringement defense, and no further briefing on that subject is warranted. Pursuant to the Procedural Stipulation, all that remains in this case is Breckenridge's potential ability to rely upon any final judgment of noninfringement in the Novel Case. (D.I. 41, ¶ 3).

Respectfully submitted,

Steven Lieberman

cc:   All counsel of record

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 29, 2014, a true and correct copy of the foregoing **LETTER FROM STEVEN LIEBERMAN TO JUDGE NATHAN** was filed through the Court's Electronic Filing System (ECF), and was served electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                           */s/ Erik van Leeuwen*
                                                           Erik van Leeuwen
                                                           Litigation Operations Manager
                                                          Rothwell, Figg, Ernst & Manbeck, P.C.