# WILMERHALE

February 13, 2015

**John J. Regan**

+1 617 526 6120 (t)
+1 617 526 5000 (f)
john.regan@wilmerhale.com

Honorable Alison J. Nathan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 906
New York, New York 10007

    Re:  *Braintree Laboratories, Inc. v. Breckenridge Pharmaceutical, Inc.*, Civil Action No. 12-cv-6851-AJN

Dear Judge Nathan:

This firm represents Plaintiff Braintree Laboratories, Inc. ("Braintree") in the above-referenced matter. Pursuant to the Court's August 13, 2014 Order (Dkt. 71), Braintree writes to update the Court on the status of *Braintree Laboratories, Inc. v. Novel Laboratories, Inc.*, Civil Action No. 3:11-cv-01341 ("the Novel case"). In addition, Braintree responds to the letter of Defendant Breckenridge Pharmaceutical, Inc. ("Breckenridge"), also submitted today, which asks this Court to dissolve the administrative hold currently in place in this litigation, and to consider Breckenridge's Motion for Summary Judgment of Noninfringement ("Motion"). In Braintree's view, the administrative hold should not be dissolved at this time.

## Current Status of the Novel Case

The Novel case is pending in the United States District Court for the District of New Jersey, following a remand from the United States Court of Appeals for the Federal Circuit for further factual findings relating to infringement of Braintree's patent. The remand trial took place from February 9 through 11, 2015. The District Court ordered the parties to submit proposed findings of fact and conclusions of law by February 25, 2015.

## The Administrative Hold

Breckenridge argues that this Court should remove the administrative hold in this litigation because of the length of the proceedings in the Novel case. The Novel litigation has proceeded expeditiously following the Federal Circuit's issuance of a mandate in August 2014: the parties submitted expert reports on November 19, 2014; expert depositions occurred in December 2014; and a three-day trial took place on February 9-11, 2015. The parties will submit proposed findings in less than two weeks. Given the swift pace of these proceedings, there is no reason to expect a long delay in the issuance of United States District Judge Peter G. Sheridan's decision.

In a joint letter dated April 29, 2014, shortly after the Federal Circuit issued its decision in the Novel case, the parties asked this Court to retain the administrative hold in this case "until the completion of proceedings on remand in the Novel Case by final judgment in the U.S. District Court." Nothing has changed since then that would require the administrative hold to be

WILMERHALE

Honorable Alison Nathan
February 13, 2015
Page 2

dissolved. The remand proceedings in the Novel case are not yet complete. Judge Sheridan's decision is likely to be relevant to the issues raised in this case.

For that reason, Braintree requests that the administrative hold ordered by this Court on April 30, 2014 (Dkt. No. 69), and continued on August 13, 2014 (Dkt. No. 71), remain in place at least until Judge Sheridan renders his decision on infringement in the Novel case. Braintree also respectfully proposes that this Court order the parties to submit a joint status letter to this Court within 14 days of the issuance of that decision.

### The Breckenridge Motion

Pursuant to the procedural stipulation entered between the parties on July 1, 2013, the noninfringement argument that Breckenridge makes in its Motion – based on the "from about 100 ml to about 500 ml" claim limitation – is the sole noninfringement defense that Breckenridge may assert in this litigation. *See* D.I. 41.

However, as Braintree has previously made clear, Breckenridge can no longer maintain that defense; it has been rejected by the Federal Circuit. The argument urged by Breckenridge was raised *in a dissent* by Judge Dyk on appeal. *Braintree Laboratories, Inc. v. Novel Laboratories, Inc.*, No. 2013-1438 (Fed. Cir.) ("Novel CAFC"), Dkt. No. 56. Judge Dyk's view was not adopted by the panel majority, demonstrating that the other two judges on the panel considered and rejected the argument. Moreover, the Federal Circuit rejected Novel's petition for rehearing *en banc* on this precise issue. Novel CAFC, Dkt. Nos. 61, 85. Given the rejection of Breckenridge's argument by the Federal Circuit, all that remains in this case is Breckenridge's potential ability to rely upon any final judgment of noninfringement in the Novel case.

No further briefing on Breckenridge's Motion is warranted. However, if this Court agrees to consider Breckenridge's Motion, Braintree requests that the Court permit further briefing on the import of the Federal Circuit's decision to the Motion and any relevant legal authority that has issued since the parties briefed the Motion.

Respectfully submitted,

*John J. Regan* JCB

John J. Regan

Cc: All counsel of record (via email)