USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 0 2 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Braintree Laboratories, Inc.,

Plaintiff,

–v–

Breckenridge Pharmaceutical, Inc.,

Defendant.

12-CV-6851 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On January 17, 2014, the Court granted the parties' joint request for a stay due to a pending appeal to the Federal Circuit in an action involving the same Plaintiff and same underlying patent: *Braintree Laboratories, Inc. v. Novel Laboratories, Inc.*, No. 3:11-cv-01341 (the "Novel action"). *See* Dkt. No. 65. At that time, the Court also administratively denied a then-pending motion for summary judgment, which was fully briefed on August 13, 2013. *See id.* The Federal Circuit rendered a decision in the Novel action on April 22, 2014. *See* Dkt. No. 67. On April 30, 2014, the Court granted the parties' joint request to continue the stay pending remand proceedings in the Novel action, with a required status letter due in six months' time. Dkt. No. 69. On August 13, 2014, the Court once again granted the parties' joint request to continue the stay with status letters due to the Court on February 13, 2015. Dkt. No. 71.

In their status letters dated February 13, 2015, the parties present diametrically opposed views on whether the stay should be continued: Plaintiff wants the stay to remain in effect, while Defendant wants the stay lifted. *See* Dkt. Nos. 72-73. Defendant contends that the stay should be lifted because it is unclear when the Novel action will be finally resolved and, furthermore, the Novel action only disposes of this case if Novel is found not to infringe Plaintiff's patent. Plaintiff counters that the Novel action has progressed expeditiously since remand from the Federal Circuit: the parties submitted expert reports on November 19, 2014; expert depositions occurred in December 2014; and a three-day trial took place on February 9-11, 2015. Dkt. No. 72 at 1. Normally, the Court would be inclined to agree with Defendant that the stay should be lifted to allow this long-delayed case to finally proceed. But a primary basis for the Court's prior

1

decision to grant the parties' jointly requested stay of this action was the fact that the parties entered into a "Procedural Stipulation" under which "[Defendant] will be permitted to rely upon any final judgment of non-infringement obtained in the Novel Case, whether at the Federal Circuit or upon remand to the District Court." *See* Dkt. No. 69.  Moreover, the Court agrees with Plaintiff that nothing has changed since the parties' earlier sought, and the Court granted, an administrative hold based at least in part on this Procedural Stipulation.

Therefore, the Court continues the stay in this action for an additional six months.  No later than Wednesday, September 2, 2015 or within two weeks of a final decision of the District Court in the Novel action, whichever occurs earlier, the parties shall file a joint status letter with the Court.

SO ORDERED.

Dated: March __, 2015
New York, New York

_____
ALISON J. NATHAN
United States District Judge