UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 23 2015

Braintree Laboratories, Inc.,

Plaintiff,

–v–

Breckenridge Pharmaceutical, Inc.,

Defendant.

12-CV-6851 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

As described in the Court's March 2, 2015 Order, Dkt. No. 74, on January 17, 2014, the Court granted the parties' joint request for a stay due to a pending appeal to the Federal Circuit in an action involving the same Plaintiff and same underlying patent: *Braintree Laboratories, Inc. v. Novel Laboratories, Inc.*, No. 3:11-cv-01341 (the "Novel action"). *See* Dkt. No. 65. The Court subsequently granted the parties' multiple requests to continue the stay. Dkt. No. 74.

In their February 13, 2015 status letters, Plaintiff asked the Court to keep the stay in effect, while Defendant asked the Court to lift it. *See* Dkt. Nos. 72-73. The Court noted that it was inclined to agree with Defendant that the stay should be lifted to allow this long-delayed case to finally proceed, but it decided to keep the stay in effect in light of a "Procedural Stipulation" between the parties under which "[Defendant] will be permitted to rely upon any final judgment of non-infringement obtained in the Novel Case, whether at the Federal Circuit or upon remand to the District Court." *See* Dkt. No. 69. Thus, the Court extended the stay for another six months, ordering the parties to submit status letters by that date or within two weeks of a decision in the Novel action at the district court level. Dkt. No. 74.

On June 2, 2015, District Judge Peter Sheridan of the District of New Jersey issued his

1

findings of fact and conclusions of law following a remand trial in the Novel action. Dkt. No. 75-77. Judge Sheridan found that Novel Laboratories, Inc.'s proposed generic of Braintree Laboratories, Inc.'s colonoscopy preparation SUPREP would, if marketed and sold, infringe claims 15 and 18, and would induce infringement of claims 19, 20, and 23 of U.S. Patent Number 6,946,149. Dkt. No. 75-77. Novel Laboratories, Inc. filed a notice of appeal on June 4, 2015. Dkt. No. 77.

In their June 16, 2015 status letters, the parties once again present opposing views on the continuance of the stay in this action: Plaintiff wants to continue the stay while Defendant vociferously seeks to have it lifted. Dkt. Nos. 75-77. Plaintiff argues that the stay should remain in effect until the Federal Circuit resolves Novel Laboratories, Inc.'s appeal, which will be the second appeal to the Federal Circuit in the Novel action. Dkt. No. 77. Plaintiff argues that the Novel action's outcome *may* be relevant to this matter and, furthermore, that Defendant will still be permitted to rely on any finding of non-infringement on appeal pursuant to the parties' procedural stipulation if the Federal Circuit reverses the district court. Dkt. No. 77. Defendant argues that the stay should be lifted in light of Judge Sheridan's finding of infringement and the fact that a key issue to be addressed in this action was "inadequately" addressed in, and therefore largely unaffected by, the Novel action. Dkt. No. 75. Defendant also points to the possible adverse effect any further delay may have on getting generic drugs to the public. Dkt. No. 75.

As noted, the Court was earlier inclined to lift the stay and now agrees with the Defendant that the stay should be lifted. The Procedural Stipulation, which was the primary basis for the stay in the first place, appears to be of increasingly limited relevance in light of the district court's finding of infringement in the Novel action. While there is a chance that the Federal Circuit may reverse this finding, which would benefit the Defendants, such a reversal

will come only after considerable additional delay in this case.

Therefore, the Court hereby lifts the stay in this action. The Court agrees, however, with Plaintiff that Defendant's motion for summary judgment, which was fully briefed almost two years ago, should be resubmitted to account for developments in the Novel action as well as any developments in the law. Accordingly, no later than Monday, July 6, 2015, Defendant shall refile its motion for summary judgment on the narrow issues previously agreed to (see Dkt. No. 41), but with any necessary modifications to account for legal or factual developments since August 2013; Plaintiff shall file its opposition to the motion no later than Monday, July 20, 2015; and Defendant shall file any reply no later than Monday, July 27, 2015. The parties should be aware that the Court will disregard the prior summary judgment motion papers, Dkt. Nos. 42-46, 48-53, 55-56, and will rely only on the fully resubmitted and updated (as necessary) motion for summary judgment papers.

SO ORDERED.

Dated: June 23, 2015
New York, New York

_____
ALISON J. NATHAN
United States District Judge