

**ROTHWELL FIGG**
IP Professionals

607 14th Street, N.W.
Suite 800
Washington, DC  20005

Telephone (202) 783-6040
Facsimile  (202) 783-6031
www.rfem.com
info@rfem.com

E. Anthony Figg
George R. Repper
Steven Lieberman
Joseph A. Hynds
Martin M. Zoltick
R. Danny Huntington
Joo Mee Kim
Richard Wydeven
Sharon L. Davis
Robert B. Murray
Jeffrey L. Ihnen
Brian S. Rosenbloom
Jason M. Shapiro
Brian A. Tollefson
C. Nichole Gifford
R. Elizabeth Brenner-Leifer
Nancy J. Linck, Ph.D.
Sharon E. Crane, Ph.D.
Lisa N. Phillips
Steven P. Weihrouch
Robert P. Parker

G. Franklin Rothwell
(1928-2011)

Jenny L. Colgate
Leo M. Loughlin
Monica Chin Kitts
Michael V. Battaglia
Seth E. Cockrum, Ph.D.
Derek F. Dahlgren
Michael H. Jones
Jennifer P. Nock
Rachel M. Echols
Brett A. Postal
Chen Li
Jennifer B. Maisel
Soumya P. Panda
Jason M. Nolan, Ph.D.
Aydin H. Harston, Ph.D.
Daniel R. McCallum
Mark T. Rawls*
Nechama E. Potasnick
Dennis Ostrovsky, Ph.D.*
Spencer J. Johnson*

*Not a member of the D.C.
Bar. Practice limited to patent,
trademark and copyright
matters and cases in federal
courts.

Of Counsel
Harry F. Manbeck, Jr.
William N. Hughet

February 2, 2016

Honorable Alison J. Nathan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 906
New York, New York 10007

Re:   *Braintree Laboratories, Inc. v. Breckenridge Pharmaceutical, Inc.*
      Case No.: 12-cv-6851-AJN

Dear Judge Nathan:

We represent Defendant Breckenridge Pharmaceutical, Inc. ("Breckenridge") in this action. This letter responds to the letter submitted by counsel for Plaintiff Braintree Laboratories, Inc. ("Braintree") on February 1, 2016. (Dkt. 104.)

Braintree's letter lists various other companies that have filed ANDAs or NDAs directed to SUPREP, apparently in an attempt to suggest that this Court's action on Breckenridge's Motion for Summary Judgment would not result in Breckenridge moving closer to providing the public with a generic product. Braintree is incorrect.

First, as Breckenridge detailed in its letter dated June 16, 2015, it is likely that Novel Laboratories, Inc. ("Novel") forfeited any 180-day market exclusivity to which it might have been entitled. (*See* Dkt. 75.) Novel failed to obtain tentative approval for its ANDA product within the requisite time period, and Breckenridge is not aware of any reason that the delay in approval of Novel's ANDA would be excused. *See* 21 U.S.C. § 355(j)(5)(D)(i)(IV); Food and Drug Administration Safety and Innovation Act, Pub. L. No. 112-144, 126 Stat. 993, § 1133(a) (July 9, 2012). Consequently, Breckenridge believes that when the FDA acts on its ANDA, it may grant final approval, allowing Breckenridge an opportunity to immediately launch its generic product.

Second, even if Novel did not forfeit its exclusivity by failing to receive timely tentative approval, Breckenridge still needs a decision from this Court to launch its product. A subsequent ANDA filer such as Breckenridge who obtains "a final decision from which no appeal (other than a petition to the Supreme Court for a writ of certiorari) has been or can be taken [finding] that the patent is invalid or not infringed" triggers a 75-day deadline for the first-filer to launch its product or lose its 180-day


ROTHWELL FIGG
IP Professionals

Honorable Allison J. Nathan
February 2, 2016
Page 2

exclusivity. 21 U.S.C. § 355(j)(5)(D)(i)(I)(bb)(AA). Such a final decision is an alternative means of clearing the path to allow Breckenridge to launch its product, for which a decision by this Court on Breckenridge's Motion is the necessary first step.

The fact that other ANDA filers have settled or agreed to stay their cases simply means that other than Novel's appeal of an adverse decision by the District Court of New Jersey, Breckenridge's Motion is the only imminent challenge to Braintree's marketing exclusivity. This is a compelling reason for this Court to promptly issue its ruling on Breckenridge's Motion, rather than a reason for further delay, as urged by Braintree.

Respectfully submitted,

Steven Lieberman

cc: All counsel of record

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2016, a true and correct copy of the foregoing **LETTER FROM STEVEN LIEBERMAN TO JUDGE NATHAN** was filed through the Court's Electronic Filing System (ECF), and was served electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/  Erik van Leeuwen*
Erik van Leeuwen
Litigation Operations Manager
Rothwell, Figg, Ernst & Manbeck, P.C.